# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| IRIS PRICE | PLAINTIFF |
| V. | CASE NO. 2:04CV338 |
| METROPOLITAN LIFE INSURANCE COMPANY et al | DEFENDANTS |

## ORDER

This cause comes before the Court on the plaintiff's motion for remand [9-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Iris Price, a resident of Coahoma County, Mississippi. The defendants include Metropolitan Life Insurance Company ("MetLife"), a Colorado corporation; Pillowtex, Inc. ("Pillowtex"), a Delaware corporation; Charlotte Lafayette, a resident of Tunica County, Mississippi; and several fictitious defendants. The complaint charges the defendants with gross negligence, fraudulent inducement, misrepresentations, breach of contract, fraud, bad faith post-claim underwriting, bad faith refusal to investigate a claim and bad faith denial of a claim. The claims all arise from the defendants' alleged refusal to pay a claim under a spouse life insurance policy sold to Price in 1997 to insure the life of M.C. Berry, her common law spouse. On December 9, 2004, MetLife removed the case to federal court, arguing that Price's state law claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq* ("ERISA"). Price now seeks a remand to state court.

> Congress enacted ERISA to "protect ⋯ the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid [e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To

> this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern."
>
> . . . .
>
> [A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted. . . . [T]he ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Hence, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court."

Aetna Health Inc. v. Davila, 542 U.S. 200, 208-09, 124 S.Ct. 2488, 2495-966, 159 L.Ed.2d 312 (2004)(citations omitted).

Price first argues that the insurance plan at issue is not a plan within the meaning of ERISA, but was simply "a bare purchase of life insurance coverage." In support of this argument, Price relies exclusively on the fact that an email apparently sent by the defendants which officially denied her claim for benefits did not indicate that the plan was an ERISA plan. As the defendants note, however, the Fifth Circuit employs a three-prong test to determine whether a particular plan qualifies as an "employee welfare benefit plan." Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 19993). The first question asks whether a plan actually exists, by which the Fifth Circuit means could a reasonable person ascertain the intended benefits, beneficiaries, sources of funding, and procedures for receiving benefits. The Court is satisfied that a plan exists within the meaning of ERISA. Meredith, 980 F.2d at 355.

The second prong asks whether the existing plan falls within the "safe-harbor regulation" established by the Department of Labor which exempts certain plans from ERISA governance. See

29 C.F.R. §§ 2510.3-1(j)(1)-(4). According to the safe-harbor regulation, a plan does not fall under the umbrella of ERISA of each of the following four criteria are met: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; *and* (4) the employer received no profit from the plan Meredith, 980 F.2d at 355.

According to the unrebutted evidence provided by the defendants, Pillowtex paid the entire amount of the premiums on Price's policy. This fact alone is sufficient to remove the plan from the umbrella of the safe-harbor provision. Even if it were not, the defendants also provide evidence that participation is not voluntary but is extended automatically to all eligible employees, and Pillowtex went far beyond merely collecting premiums, even going so far as to participating in the claims process, which implicate the second and third parts of the safe-harbor provision. The Court finds that the plan does not fall within the safe harbor.

The final question for the Court asks whether an employer established and maintained the plan and whether it intended to provide benefits to its employees. Id. In this case, the undisputed evidence indicates that Pillowtex did create and administer the plan, even going so far as to aid participants in filing claims.

The Court finds that the plan at issue in the case at bar is an ERISA plan, and that as such, all of the plaintiff's state law claims are preempted and her claim effectively becomes a federal one. ACCORDINGLY, removal was proper, and the plaintiff's motion for remand [9-1] is DENIED.

This is the 7th day of June, 2006.

                                             /s/ Michael P. Mills  
                                          **UNITED STATES DISTRICT JUDGE**