# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| IRIS PRICE | PLAINTIFF |
| V. | CASE NO. 2:04CV338 |
| METROPOLITAN LIFE INSURANCE COMPANY, PILLOWTEX, INC., CHARLOTTE LAFAYETTE | DEFENDANTS |

## MEMORANDUM OPINION

This cause comes before the court on the motion [54] of the defendant, Metropolitan Life Insurance Company ("Met Life"), for judgment on the pleadings or, alternatively, for summary judgment. The plaintiff, Iris Price, has responded to that motion and filed her own cross-motion for summary judgment.

### Procedural History

Price filed suit against Met Life, Pillowtex, Inc., Charlotte Lafayette, and John Does 1-5 on September 3, 2004. Price's complaint was filed in Tunica County Circuit Court asserting claims for breach of contract, fraud, misrepresentation, gross negligence, failure to promptly and adequately investigate a claim, fraudulent inducement, and bad faith post-claim underwriting. The defendants removed the case to this court on December 9, 2004 asserting Price's claims were properly governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). On June 7, 2006, this court denied Price's motion to remand finding all claims were properly brought pursuant to ERISA.[1] On August 16, 2007, this court remanded Price's claim to the claim

---

[1] Price concedes this point in her brief. The court will therefore not revisit its earlier decision.

administrator for reconsideration.  Met Life subsequently denied Price's claim on January 29, 2008.

## Facts

Iris Price and M.C. Berry were at all relevant times living together as common law husband and wife.  They were both employed by Pillowtex.  During 1996 a Met Life sales agent met with Pillowtex employees interested in participating in a compnay sponsored group term life insurance program.  The agent helped the employees complete their applications for life insurance and gave them information and advice regarding coverage that was to begin in 1997.  As employees Price and Berry were both eligible for coverage.  Price purchased a dependent life policy on Berry valued at $35,000.  At the time of enrollment she explained to the agent that she and Berry were not legally married but were instead common law husband and wife.  The agent assured Price that since Berry was a Pillowtex employee, he qualified for life insurance coverage.

From early 1997 until 2001, the insurance premiums for the spousal coverage were deducted from Price's payroll check.  On August 18, 2001, Berry got into a verbal altercation with Michael Hutchins at the Sam's Town Hotel and Casino in Robinsonville, Mississippi.  The two men eventually engaged in a fist fight in a hotel room.  Michael Simmons entered the room while the fight was taking place.  Startled by the sight of the fight, Simmons unintentionally shot and killed Berry.  On August 23, 2001, Price completed a life insurance claim related to Berry's death.  On September 4, 2001, Met Life informed Pillowtex that Price was not eligible to collect on the policy insuring Berry because they were not legally married.  Pillowtex then informed Price that Met Life would not pay the claim.  On September 12, 2001, Price received two checks from Pillowtex as reimbursement for the premiums paid on the policy.

## Standard of Review

ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2346 (citing 29 U.S.C. § 1001 *et seq*.). In deciding these case, the Supreme Court has laid out four principles of review. *Id*. at 2347. First "a court should be 'guided by principles of trust law' . . . and it should consider a benefit determination to be a fiduciary act." *Id*. (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111-113 (1989)). Secondly, "[p]rinciples of trust law require courts to review a denial of plan benefits 'under a *de novo* standard' unless the plan provides to the contrary." *Id*. at 2348 (quoting *Firestone*, 489 U.S. at 115). Third, "[w]here the plan provides to the contrary by granting 'the administrator or fiduciary discretionary authority to determine eligibility for benefits' . . . '[t]rust principles make a deferential standard of review appropriate.'" *Id*. (quoting *Firestone*, 489 U.S. at 115, 111). Finally, [i]f 'a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion." *Id*. (quoting *Firestone*, 489 U.S. at 115).

Here the plan gives plan fiduciaries "discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits." When plans give discretion to fiduciaries, the Fifth Circuit uses a two-step anaysis to determine whether the fiduciary abused its discretion. *Plyant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 540 (5th Cir. 2007). First a court must determine whether the interpretation is "legally correct." *Id*. If so, there is no abuse of discretion and the inquiry ends. *Id*. However, if the interpretation is not legally correct, a court must consider whether the fiduciary's interpretation constitutes an abuse of discretion. *Id*.; *see also High v. E-Systems Inc.*, 459 F.3d 573, 577 n.2 (5th Cir. 2006).

<u>Analysis</u>

Met Life states two reasons for denying Price's claim. First, Pillowtex never certified that Berry was insured under the plan. Secondly, Berry was ineligible as a spousal dependent under the plan.

The plan provides a procedure for making a claim. That procedure requires "[t]he completed claim form . . . be returned to your Employer who will certify that you are insured under the Plan and will then forward the claim form to Metropolitan." Here Pillowtex never certified that Berry was insured under the Plan. Without certification Met Life had no duty to allow a claim.

In defining who is eligible for coverage under the plan, a dependant is defined as "your spouse . . . ." There is no question that Price and Berry were not legally married. They claimed to be living together as common law husband and wife. However, after April 5, 1956 Mississippi does not recognize common law marriages. MISS. CODE ANN. § 93-1-15. Berry therefore was not a spouse and was not eligible for coverage under the plan.[2] *See Robinson v. New Orleans Employers ILA AFL-CIO Pension Welfare Vacation & Holiday Funds*, 269 Fed. Appx. 516, 517-19 (5th Cir. 2008) (finding an alleged common law spouse ineligible for benefits as Louisiana does not recognize common law marriage).

The Plan clearly lays out these two propositions. Met Life followed the plain language of the Plan and came to a legally correct conclusion. *High*, 459 F.3d at 578 ("elibility for benefits under an ERISA plan is first governed by the plain meaning of the language of the contract") (citing *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). The court's

---

[2] Met Life also argues that Berry was ineligible for coverage because he was a Pillowtex employee. The plan excludes from eligibility, "a person who is covered under This Plan as an Employee." It is unclear if Berry was actually covered by the plan and thus ineligible. The court does not reach this issue as Met Life made a legally correct denial based on other grounds.

analysis ends at this point as coming to the right conclusion can not be an abuse of discretion.

Price does little more than deny this conclusion in responding to Met Life's motion. However, Price does raise three issues arguing essentially that even though Met Life came to the right conclusion they should still have a duty to pay the claim. Price argues that Met Life (1) is estopped from denying the claim; (2) waived the eligibility requirements for Berry; and (3) Met Life's procedures in denying the claim were so flawed she is entitled to relief.

To establish an ERISA estoppel claim, a plaintiff must show: "'(1) a material misrepresentation; (2) reasonable and detrimental reliance on the representation; and, (3) extraordinary circumstances.'" *High* 459 F.3d at 579 (quoting *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005)). "[A] 'misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision.'" *Id.* (quoting *Mello*, 431 F.3d at 445).

The alleged misrepresentation in the instant matter is that Met Life's agent assured Price that since Berry was a Pillowtex employee, he qualified for life insurance coverage. However, instead of being a misrepresentation this is a true statement. As an employee of Pillowtex, Berry would have been eligible for the Plan. He would not be eligible as a spousal dependent, but would instead be eligible to sign up for his own coverage. The statement makes no representation that the plan would cover Berry as a spousal dependant. Thus it was unreasonable for Price to rely on the representation in deciding to cover Berry as her dependent.

Assuming *arguendo* that the present facts warranted a finding that Price meets the first prong, her claim still fails under prong two. In determining what is reasonable reliance, the Fifth Circuit has followed the Sixth Circuit's decision in *Sprague v. GMC*, 133 F.3d 388 (6th Cir. 1998). *High*, 459 F.3d at 580. The court in *Sprague* "reasoned that a 'party's reliance can

seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents availabe to or furnished to the party.'" *Id*. (quoting *Sprague*, 133 F.3d at 404). "The court held that allowing 'estoppel to override the clear terms of plan documents would be to enforce something other than the plan documents themselves . . . [and] would not be consistent with ERISA'" *Id*. (quoting *Sprague*, 133 F.3d at 404). Consistent with that analysis the Fifth Circuit has found "a basic principle of ERISA is that a plan cannot be modified or superceded by extrinsic evidence." *Id*. (citing *In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation*, 58 F.3d 896, 902 (3d Cir. 1995)).

Following this precedent the court finds Price can not establish a claim of ERISA estoppel. The plain language of the plan provides that Berry did not qualify for dependant benefits. It is unreasonable for Price to conclude otherwise based on the representation of the Met Life Agent. *See Robinson*, 269 Fed. Appx. at 519.

Price next claims that Met Life waived the spousal requirement for eligibility. Price bases this assertion on the fact that Pillowtex took a payroll deduction from Price in order to pay for the coverage on Berry.

The Fifth Circuit "defines waiver as 'a voluntary or intentional relinquishment of a known right.'" *High* 459 F.3d at 581 (quoting *Pitts v. Am. Sec. Life Ins. Co.*, 931 F.2d 351 (5th Cir. 1991)). There are a number of cases in the Fifth Circuit that deal with ERISA and waiver. Those cases show a clear dividing line as to when waiver claims are available. The key element is that waiver must be intentional. *Id*. Waiver has been allowed when an insurer knows a party is not eligible for benefits but continues to charge them for or pay them benefits. *See e.g.*, *Rhorer v. Raytheon Engineers and Constructors, Inc.*, 181 F.3d 634, 645 (5th Cir. 1999) ("In this case, there is summary judgment evidence that Raytheon knew of Mr. Rhorer's illness in June 1997,

before it bought his company and well before he enrolled in the life insurance program . . .. In spite of that knowledge the record indicates that Raytheon allowed Mr. Rhorer to enroll in optional life insurance, accepted his premiums, and did not return the premiums for more than a year. Viewing that evidence in a light most favorable to Rhorer, a reasonable jury could conclude that Raytheon knowingly waived its right [to deny benefits]"); *Pitts*, 931 F. 2d at 357 ("After American Security learned that the policy requirements had been breached, it could have protected any possible right to deny liability by executing an ordinary reservation of rights. Instead, it accepted premium payments and paid medical benefits without reservation. It thus waived its right to assert a defense to its liability under the policy").[3]

It is undisputed that from January 1997 to 2001[4] Met Life accepted insurance premiums for coverage of Berry as a dependant of Price. The pertinent question then becomes whether Met Life had knowledge that Berry was not Price's spouse. *See Lamb v. Provident Ins. Co.*, 1994 WL 1890828 at *4 (N.D. Miss. Oct. 4, 1994) ("Generally waiver requires proof of the defendant's 'knowledge, actual or constructive, of the existence of his rights or of all material facts'")

---

[3] The court is aware of *Istre v. Life Ins. Co. of North America*. 48 Fed. Appx. 107, 2002 WL 31017676 (5th Cir. Aug. 23, 2002). *Istre* deals with a similiar factual scenario as the instant matter. While the opinion itself offers little in the way of facts, the party's briefs in large part agree on the circumstances involved. In *Istre*, an employee insurance plan offered coverage to employees and their lawful spouses. Brief of Appellant at 9, *Istre*, 2002 WL 31017676 (No. 02-30102), 2002 WL 32179912. The plaintiff was named as a beneficiary in the event of the accidental death of his "common law spouse." *Id*. Premiums for the coverage were accepted even though the insurance application showed the plaintiff as a "common law spouse." *Id*. Plaintiff filed a claim to collect on the policy and was denied because the plaintiff and the decedent were not legally married. *Id*. Dicta in *Istre* states "reliance on *Pitts* is misplaced as *Pitts* is limited to its factual circumstances." *Istre*, 2002 WL 31017676 at *1. However, *Istre* stands in splendid isolation. It is an unpublished opinion that contradicts the application and policy of other ERISA waiver claims in this circuit. *Istre* has not been cited by one other court even as the circuits have split on the application of waiver to ERISA questions. As such the court finds that it is not binding and has little persuasive value. *See also High*, 459 F.3d at 581 (denying the claim of waiver, but applying *Pitts* analysis); *Allgood v. Metropolitan Life Ins. Co.*, 543 F. Supp. 2d 591, 593 (S.D. Miss. 2008) (denying the claim of waiver, but applying *Pitts* analysis)

[4] There is conflicting evidence in the record as to whether the payments stopped in August or September of 2001.

(quoting 18 *Couch on Insurance 2d* § 71:14 (2d ed. 1983)).

The only proof that Met Life had knowledge of Price's marital status is the alleged conversation between Price and a Met Life Agent. By statute, Mississippi law provides "every person who solicits insurance on behalf of any insurance company or who undertakes or transmits an application for insurance or who shall receive or deliver a policy of insurance of any such company, whether any such acts shall be done at the instance or request or by the employment of the insurance company, shall be held to be the agent of the company for which the act is done." MISS. CODE ANN. § 83-17-1. Thus, disclosure to an agent could be enough to impute knowledge to Met Life.

The only evidence of this conversation is found in the self serving affidavit of Price. "Unsubstantiated assertions are not competent summary judgment evidence." *Hugh Symons Group, PLC v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-34 (1986); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). As such, self-serving affidavits employed to create questions of material fact should be carefully scrutinized by courts. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). In this instance it is unclear what other means Price might be able use in providing evidence of her claim. The court will therefore accept Price's statement as true for the purposes of summary judgment.

Price has therefore created a factual question as to whether Met Life waived the spousal requirement as it related to Berry. Looking at the facts in the light most favorable to Price, it is possible a jury could find Met Life knew Price and Berry were not legally married and still accepted payment for coverage of Berry as Price's dependant.

However, Price's claim still fails. The waiver contemplated by Price goes only to the spousal eligibility requirement. However, Met Life denied Price's claim on two grounds. In

addition to spousal eligibility, Met Life also acted because Pillowtex did not certify Berry as being covered under Price's plan. As discussed above the plan clearly required employer certification. Thus even if Met Life waived the dependant eligibility requirement they were entitled to deny the claim for lack of certification.

Finally, Price claims she is entitled to relief for violations of various procedural requirements of ERISA.

ERISA provides:

every employee benefit plan shall-

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate name fiduciary of the decision denying the claim.

29 U.S.C. § 1133. Procedural requirements give rise to a substantive damage remedy only if the violations are continuous and amount to actual harm. *Hines v. Massachusetts Mut. Life Ins. Co.*, 43 F.3d 207, 211 (5th Cir. 1995) (citing *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1353 (9th Cir. 1984), *overruled* on other grounds). "Challenges to ERISA procedures are evaluated under the substantial compliance standard." *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 392 (5th Cir. 2006) (citing *Lacy v. Fullbright & Jaworski*, 405 F. 3d 254, 257 (5th Cir. 2005); *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 775 (7th Cir. 2003); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 460 (6th Cir. 2003)). "This means that '[t]echnical noncompliance' with ERISA procedures 'will be excused' so long as the purposes of section 1133 have been fulfilled." *Id*. at 393 (quoting *White v. Aetna Life Ins. Co.*, 210 F. 3d 412, 414

(D.C. Cir. 2000)) (citing 29 U.S.C. § 1133).

Price first argues that Pillowtex's failure to notify her of the denial of claim in writing is a procedural violation of ERISA. However, Pillowtex has not made an appearance in this matter. On May 30, 2006 the clerk's office sent notice of incomplete service of process on Pillowtex. Price never responded to this notice. As such the court dismisses without prejudice all claims against Pillowtex.

Price next argues that Met Life violated her rights under ERISA by failing to investigate her claim. Price asserts Met Life's admission that they do not possess the completed enrollment forms or life insurance applications evidences a failure to investigate. However, in the Fifth Circuit there is no duty to conduct a reasonable investigation. *Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287, 298 (5th Cir. 1999) (en banc). Price's claim of failure to investigate is without merit.

Finally, Price argues Met Life's failure to review Pillowtex's denial of the claim is a procedural error under the Act. A party must request an appeal to be entitled to review. *Powell v. AT&T Communications, Inc.*, 938 F.2d 823, 827 (7th Cir. 1991) ("The content of [a] letter [requesting an appeal] must be reasonably calcuated to alert the employer to the nature of the claim and request administrative review") (citing 29 C.F.R. § 2560.503-1(d)).

Price argues that her attorney's letter of March 24, 2004 requested administrative review. However, that letter states its purpose is "to request a copy of the group policy and a copy of the applciation submitted by Price for group insurance coverage on M.C. Berry." As such, Price failed to request an appeal and no administrative review was required. Further, Met Life did review Pillowtex's decision. After remand from this court Met Life issued a denial letter on Juanuary 29, 2008. There is no evidence that Met Life improperly denied Price administrative

review.

## Conclusion

Met Life did not abuse it's discretion in denying Price's claim because Pillowtex failed to certify the claim as required by the plan. Price is unable to prove any procedural violation of ERISA entitling her to relief. The court thus GRANTS Met Life's motion for summary judgment. Price's cross-motion for summary judgment is DENIED. The court also finds that Pillowtex was not served in this matter and has not made an appearance. Price's claims against Pillowtex are DISMISSED without prejudice. Finally, the court finds Charlotte Lafayette[5] is not a proper party to this suit. Lafayette is named as the statutory agent of Met Life. No specific claims are asserted against Lafayette. Lafayette's only involvement in the action is that Price asserts she was aware of Price and Berry's status as common law spouses. Price notes in her brief that plan insurers and plan administrators are proper parties to an ERISA action. Lafayette is neither. As such all claims against Lafayette are DISMISSED with prejudice.

This the 8th day of September, 2008

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[5] Lafayette died on August 23, 2007. Since the notice of her death was filed there have been no filings in this matter related to her involvement.